1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## EASTERN DISTRICT OF CALIFORNIA

9
10

RICARDO GERALDO,                                    1:10-CV-01819 SMS HC

                              Petitioner,            ORDER DISMISSING PETITION FOR WRIT
11                                                   OF HABEAS CORPUS

        v.
12                                                   ORDER DIRECTING CLERK OF COURT TO
                                                     ENTER JUDGMENT AND CLOSE CASE
13
KATHLEEN ALLISON, Warden,
                                                     ORDER DECLINING ISSUANCE OF
14                            Respondent.            CERTIFICATE OF APPEALABILITY

15                                            /

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the magistrate judge

18  pursuant to 28 U.S.C. § 636(c).

19                              **RELEVANT HISTORY**[1]

20          Petitioner is currently in the custody of the California Department of Corrections and

21  Rehabilitation following his conviction in Los Angeles County Superior Court in 1986 of second

22  degree murder and personal use of a firearm.  He is serving a sentence of sixteen years to life

23  with the possibility of parole.

24          Petitioner does not challenge his underlying conviction; rather, he claims the California

25  Board of Parole Hearings ("Board") violated his due process rights in its January 29, 2009,

26  decision finding him unsuitable for parole.  He contends he was denied his due process rights

27

28          [1] This information is taken from the petition.

                                            1

1   when the Board relied on a psychiatric report in concluding he posed a current threat to public

2   safety.  He further alleges that the factors relied on by the Board did not demonstrate that he was

3   a current risk of danger to public safety.

4        Petitioner states he has exhausted his claims by presenting them at all levels of the state

5   courts.  He filed the instant federal petition for writ of habeas corpus on September 23, 2010, in

6   the United States District Court for the Central District of California.  The case was transferred to

7   the Fresno Division of the Eastern District on October 4, 2010.

8   **DISCUSSION**

9   I.    <u>Preliminary Review</u>

10        Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

11       If it plainly appears from the petition and any attached exhibits that the petitioner is not
    entitled to relief in the district court, the judge must dismiss the petition and direct the

12       clerk to notify the petitioner.

13   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ

14   of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

15   dismiss, or after an answer to the petition has been filed.  <u>See Herbst v. Cook</u>, 260 F.3d 1039 (9th

16   Cir.2001).  The Court will review the instant petition pursuant to its authority under Rule 4.

17   II.    <u>Analysis of Petition</u>

18        The instant petition is reviewed under the provisions of the Antiterrorism and Effective

19   Death Penalty Act which became effective on April 24, 1996.  <u>Lockyer v. Andrade</u>,  538 U.S. 63,

20   70 (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the

21   adjudication of the claim "resulted in a decision that was contrary to, or involved an

22   unreasonable application of, clearly established Federal law, as determined by the Supreme Court

23   of the United States" or "resulted in a decision that was based on an unreasonable determination

24   of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C.

25   § 2254(d); <u>see</u> <u>Lockyer</u>, 538 U.S. at 70-71; <u>Williams</u>, 529 U.S. at 413.

26        There is no independent right to parole under the United States Constitution; rather, the

27   right exists and is created by the substantive state law which defines the parole scheme.  <u>Hayward</u>

28   <u>v. Marshall</u>, 603 F.3d 546, 559, 561 (9th Cir. 2010) (en banc) (citing <u>Bd. of Pardons v. Allen</u>, 482

U.S. 369, 371 (1987); Pearson v. Muntz, No. 08-55728, 2010 WL 2108964, * 2 (9th Cir. May 24, 2010) (citing Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005)); Cooke v. Solis, No. 06-15444, 2010 WL 2330283, *6 (9th Cir. June 4, 2010). "[D]espite the necessarily subjective and predictive nature of the parole-release decision, state statutes may create liberty interests in parole release that are entitled to protection under the Due Process Clause." Bd. of Pardons v. Allen, 482 U.S. at 371.

In California, the Board of Parole Hearings' determination of whether an inmate is suitable for parole is controlled by the following regulations:

> (a) General. The panel shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for a denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison.
>
> (b) Information Considered. All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

Cal. Code Regs. tit. 15, §§ 2402(a) and (b).  Section 2402(c) sets forth circumstances tending to demonstrate unsuitability for release.  "Circumstances tending to indicate unsuitability include:

> (1) Commitment Offense.  The prisoner committed the offense in an especially heinous, atrocious or cruel manner.  The factors to be considered include:
>
>> (A) Multiple victims were attacked, injured or killed in the same or separate incidents.
>> (B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder.
>> (C) The victim was abused, defiled or mutilated during or after the offense.
>> (D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.
>> (E) The motive for the crime is inexplicable or very trivial in relation to the offense.
>
> (2) Previous Record of Violence.  The prisoner on previous occasions inflicted or attempted to inflict serious injury on a victim, particularly if the prisoner demonstrated serious assaultive behavior at an early age.

(3) Unstable Social History.  The prisoner has a history of unstable or tumultuous relationships with others.'

(4) Sadistic Sexual Offenses.  The prisoner has previously sexually assaulted another in a manner calculated to inflict unusual pain or fear upon the victim.

(5) Psychological Factors.  The prisoner has a lengthy history of severe mental problems related to the offense.

(6) Institutional Behavior.  The prisoner has engaged in serious misconduct in prison or jail.

Cal. Code Regs. tit. 15, § 2402(c)(1)(A)-(E),(2)-(9).

Section 2402(d) sets forth the circumstances tending to show suitability which include:

(1) No Juvenile Record.  The prisoner does not have a record of assaulting others as a juvenile or committing crimes with a potential of personal harm to victims.

(2) Stable Social History.  The prisoner has experienced reasonably stable relationships with others.

(3) Signs of Remorse.  The prisoner performed acts which tend to indicate the presence of remorse, such as attempting to repair the damage, seeking help for or relieving suffering of the victim, or indicating that he understands the nature and magnitude of the offense.

(4) Motivation for Crime.  The prisoner committed his crime as a result of significant stress in his life, especially if the stress has built over a long period of time.

(5) Battered Woman Syndrome.  At the time of the commission of the crime, the prisoner suffered from Battered Woman Syndrome, as defined in section 2000(b), and it appears the criminal behavior was the result of that victimization.

(6) Lack of Criminal History.  The prisoner lacks any significant history of violent crime.

(7) Age.  The prisoner's present age reduces the probability of recidivism.

(8) Understanding and Plans for Future.  The prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release.

(9) Institutional Behavior.  Institutional activities indicate an enhanced ability to function within the law upon release.

Cal. Code Regs. tit. 15, § 2402(d)(1)-(9)

The California parole scheme entitles the prisoner to a parole hearing and various procedural guarantees and rights before, at, and after the hearing.  Cal. Penal Code § 3041.5.  If denied parole, the prisoner is entitled to subsequent hearings at intervals set by statute.  Id.  In addition, if the Board or Governor find the prisoner unsuitable for release, the prisoner is entitled to a written explanation. Cal. Penal Code §§ 3041.2, 3041.5.  The denial of parole must also be

1  supported by "some evidence," but review of the Board's or Governor's decision is extremely

2  deferential.  In re Rosenkrantz, 29 Cal.4th 616, 128 Cal.Rptr.3d 104, 59 P.3d 174, 210 (2002).

3      Because California's statutory parole scheme guarantees that prisoners will not be denied

4  parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals

5  recently held California law creates a liberty interest in parole that may be enforced under the

6  Due Process Clause.  Hayward v. Marshall, 602 F.3d at 561-563; Pearson v. Muntz, 606 F.3d

7  606, 608-609 (9th Cir. 2010).  Therefore, under 28 U.S.C. § 2254, this Court's ultimate

8  determination is whether the state court's application of the some evidence rule was unreasonable

9  or was based on an unreasonable determination of the facts in light of the evidence.  Hayward v.

10  Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

11      The applicable California standard "is whether some evidence supports the *decision* of

12  the Board or the Governor that the inmate constitutes a current threat to public safety, and not

13  merely whether some evidence confirms the existence of certain factual findings."  In re

14  Lawrence, 44 Cal.4th 1181, 1212 (2008) (emphasis in original and citations omitted).  As to the

15  circumstances of the commitment offense, the Lawrence Court concluded that

16      although the Board and the Governor may rely upon the aggravated circumstances
       of the commitment offense as a basis for a decision denying parole, the aggravated
17      nature of the crime does not in and of itself provide some evidence of current
       dangerousness to the public unless the record also establishes that something in
18      the prisoner's pre- or post-incarceration history, or his or her current demeanor
       and mental state, indicates that the implications regarding the prisoner's
19      dangerousness that derive from his or her commission of the commitment offense
       remain probative to the statutory determination of a continuing threat to public
20      safety.

21  Id. at 1214.

22      In addition, "the circumstances of the commitment offense (or any of the other factors

23  related to unsuitability) establish unsuitability if, and only if, those circumstances are probative to

24  the determination that a prison remains a danger to the public.  It is not the existence or

25  nonexistence of suitability or unsuitability factors that forms the crux of the parole decision; the

26  significant circumstance is how those factors interrelate to support a conclusion of current

27  dangerousness to the public."  In re Lawrence, 44 Cal.4th at 1212.

28      "In sum, a reviewing court must consider 'whether the identified facts are *probative* to the

central issue of *current* dangerousness when considered in light of the full record before the Board or the Governor.'" Cooke v. Solis, 606 F.3d 1206, 1214 (9th Cir. 2010) (emphasis in original) (citing Hayward v. Marshall, 603 F.3d at 560).

In this case, Petitioner complains that the evidence relied on by the Board did not demonstrate that he posed a current risk of danger to the public if released.  Petitioner's claims are facially without merit.  He admits that the Board based its decision on the circumstances of the commitment offense and a negative psychological report.  He concedes that the psychologist determined that Petitioner posed "an overall moderate risk of future violence, which is a high score."  See Petition at 5-A.  He also admits that the Board relied on the circumstances of his commitment offense and his prior criminal history to deny parole.  In Hayward v. Marshall, 603 F.3d 546, 562-63 (9th Cir. 2010), the Ninth Circuit found that the nature of the commitment offense, in combination with a psychological report determining the petitioner posed a low-to-moderate risk of danger to the public if released, established some evidence of future dangerousness to the public.  Here, Petitioner is an even greater risk of danger based on the psychological report.  Therefore, Petitioner's claims are facially without merit, since the Board's determination was supported by at least some evidence.

Accordingly, federal habeas corpus relief is unavailable.

III.    Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

6

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

2. The Clerk of Court is DIRECTED to enter judgment in favor of Respondent; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   December 14, 2010                      /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE